Filed 2/27/13  Chase Livio v. Savin CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHASE LIVIO LLC, | |
| Plaintiff and Respondent, | E055084 |
| v. | (Super.Ct.No. INC079265) |
| RONALD R. SAVIN, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.  Reversed.

Blakely Law Group, Brent H. Blakely and Michael Marchand for Defendant and Appellant.

The Law Offices of Paul D. Bojic, Paul D. Bojic and P. Marissa Marino for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On September 22, 2011, the trial court denied defendant and appellant Ronald R. Savin's motion for costs and attorney fees as untimely under California Rules of Court, rule 3.1702.[1]  Savin appeals, contending that the trial court erred because his motion was timely filed under rules 3.1702 and 8.104(a).[2]

Since the sole issue in the case is a legal issue, we apply a de novo standard of review.

Rule 3.1702(b)(1) applies to claims for statutory attorney fees and in contract actions.  It provides:  "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court—including attorney's fees on an appeal before the rendition of judgment in the trial court—must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case . . . ."

Rule 8.104(a)(1) provides that an appeal must be filed "on or before the earliest of: [¶]  (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served;  [¶]  (B) 60 days after the party filing the

---

[1]  All further references to rules are to the California Rules of Court.

[2]  The appeal was filed pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2).  That section allows appeals of orders made after appealable judgments.

notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."[3]

Savin argues that subsections (A) and (B) of rule 1804(a)(1) are inapplicable because neither the court clerk nor the opposing party ever served him with "a document entitled 'Notice of Entry' of judgment or a file stamped copy of the judgment, accompanied by proof of service." (Rule 8.104(a)(1)(B).) If no such document was served, Savin's motion for attorney fees was timely because he complied with subsection (C) by filing his motion 178 days after entry of judgment.

Plaintiff and respondent Chase Livio, LLC (Chase Livio) contends: (1) subsection (A) of rule 1804(a)(1) was applicable because the superior court clerk did mail out a document entitled "Notice of Entry" on February 10, 2011; and (2) subsection (B) of rule 1804(a)(1) was applicable because Savin served the *proposed* order on Chase Livio on January 27, 2011.

---

[3] Rule 3.1700 provides slightly different rules for cost bills, but the differences are not material here and, in any event, no separate cost bill is in our record.

II

DISCUSSION

A.    *Time began to Run Upon the Filing of the Formal Order on*

      *February 7, 2011.*

Although our record is extremely limited,[4] it shows that Savin's motion for

judgment on the pleadings was granted on January 14, 2011.  The minute order requires

Savin to prepare, submit, and serve a formal order.  The formal order was signed and

filed on February 7, 2011.  It grants the motion for judgment on the pleadings and

dismisses all claims against Savin.  It also provides that Savin is awarded costs and fees

in an amount to be determined.

Subsequently, Savin served a *proposed* order on other parties to the underlying

action, including Chase Livio, on January 27, 2011.  The trial court signed the proposed

order, and it was filed on February 7, 2011.  That date is the date of entry of judgment.

(Rule 8.104(c).)

---

[4] See rule 8.124.  The parties are also reminded of the need to "[s]upport any
reference to a matter in the record by a citation to the volume and page number of the
record where the matter appears."  (Rule 8.204(a)(1)(C).)  A citation to appellant's or
respondent's memoranda in support or opposition to a motion is not sufficient to establish
a fact.  Also, the reference to the register of actions in rule 8.122(b)(1)(F) refers to the
superior court register of actions, not to this court's register of actions.  (See rules
8.124(a)(2) & 8.124(b)(1)(A).)

4

B. *The Motion for Attorney Fees and Costs Was Filed on August 5, 2011,*

  *178 Days Later.*

Unless there was a notice of entry of judgment or file-stamped copy of the judgment served under rule 8.104(a)(1)(A) or (B), a notice of appeal had to be filed within 180 days. Under rules 3.1700(a)(1) and 3.1702, the motion for attorney fees also had to be filed within 180 days, if no earlier limit applies. The motion was actually filed 178 days later.[5]

C. *The Trial Court Denied the Motion as Untimely.*

The trial court denied the motion for attorney fees and costs. It found that the "motion was filed far beyond the time limits required by [rule] 3.1702." It therefore found that notice had been given under rule 8.104(a)(1)(A) or (B), i.e., either the court clerk or one of the parties had served a "'Notice of Entry' of judgment or a file-stamped copy of the judgment," showing the date either was served.

---

[5] Our record only contains a copy of the motion dated August 5, 2011. The record does not contain a file-stamped copy showing that the motion was actually filed on that date. However, Chase Livio concedes that the motion was filed on August 5, 2011. Chase Livio therefore waived any claim that Savin did not establish the filing date of its attorney fee motion.

We also note that August 5, 2011, a Friday, was 178 days after the motion was filed on February 7, 2011. Since the 180th day was a Sunday, Savin could have filed the motion as late as Monday, August 8, 2011.

D.    *Neither Party Has Demonstrated That a Notice of Entry of Judgment or a File-Stamped Copy of the February 7, 2011, Order Was Served by the Clerk of the Court or a Party.*

As noted, *ante*, the requisite notice is provided by service of the notice of entry of judgment or a file-stamped copy of the judgment, accompanied by a proof of service. (Rule 8.104(a)(1)(A) & (B).)

Chase Livio has submitted a copy of the order filed February 7, 2011, and has cited it in support of its argument that the order was served.[6] However, the copies of the order and declaration of service in the record show that it was submitted and served as a *proposed* order on January 27, 2011. The trial court deleted the word "proposed" on the face of the order, signed it on February 7, 2011, and it was filed on that date. There is no declaration of service of the final signed order on or after February 7, 2011, in our record.

Chase Livio also argues that service of the *proposed* order occurred on January 27, 2011, and counts days from there. But the proposed order was only a request until it was approved by the trial court on February 7, 2011. As noted, *ante*, there is no evidence that the signed and filed order was ever served on anyone by anyone.

In the absence of any showing in Savin's appendix, Chase Livio's appendix, or anywhere else in the record that the August 7, 2011, order or a notice of entry of judgment was served, we must conclude that it was not.

---

[6] Chase Livio states: "The superior court clerk mailed out the document titled 'Notice of Entry' on February 10, 2011 (RA 2)." The record reference is to the signed order, not to any notice of entry of judgment. The argument appears to be merely the product of wishful thinking.

Accordingly, Savin is correct that his motion was timely under rules 3.1702(b)(1) and 8.104(a)(1)(C). The trial court therefore erred in finding that the motion was untimely.

III

DISPOSITION

The trial court's order of September 22, 2011, is reversed. The case is remanded for further proceedings in accordance with this opinion. Appellant is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI_____<br>Acting P. J.

We concur:

MILLER_____
                        J.

CODRINGTON_____
                        J.

7